MEMORANDUM OF DECISION ON DEFENDANT’S MOTION TO DISMISS

GUERNSEY, Chief Judge
I. PROCEDURAL BACKGROUND
To understand the present controversy surrounding the pleadings in this case, it is *353 necessary to review their history. The Plaintiff Christina M. Winslow, proceeding pro se, brought this action under the Mohegan Tribal Discriminatory Employment Practices Ordinance, MTO 2002-04, by filing with the Gaming Disputes Court Form GDC-12 (Discriminatory Employment Practices Complaint with Bond) together with a description of the alleged discriminatory events, divided into four counts (Age Discrimination, Gender Discrimination, Harassment, and Fraud). The Defendant’s first Motion to Dismiss claimed lack of personal jurisdiction due to the absence of a return day. After the administrative consolidation of this case for preliminary matters with that of Janet E. Winslow v. Mohegan Tribe and William Velardo, GDTC-D-02-157, the Gaming Disputes Court, per Eagan, J., granted the Defendant’s Motion to Dismiss without prejudice to the right of the Plaintiff to file an amended complaint within 30 days.
The Plaintiff, again proceeding pro se, thereupon timely filed a second complaint, again using Form GDC-12, accompanied by a detailed narrative of the alleged discriminatory events. In response, the Defendant filed a Request to Revise pursuant to G.D.C.P. §§ 21 and 19, requesting that the narrative filed by the Plaintiff be divided into numbered paragraphs for each claim that set forth “a concise statement of the facts constituting the cause of action”, and that the exhibits attached to Plaintiffs complaint be deleted. The Plaintiffs Objection to the Request to Revise was overruled, per Eagan, J., and the Plaintiff thereupon filed, in numbered paragraphs, her description of the alleged discriminatory events, divided into “Gender Discrimination”, “Harassment”, and “Retaliation”. However, this time the Plaintiff added, to each of the following headings, the following statutory citations: 42 U.S.C. §§ 2000e-2(a)(l)(19S8), 42 U.S.C. §§ 2000e-2(a)(2)(1988) [1], and Title 42 Chapter 126 Section 12203,[2] without elaboration as to their applicability.
This set the stage for the present Motion to Dismiss, brought on grounds that the cited statutes, by their very terms, are not applicable to Indian Tribes and the claims are barred by the sovereign immunity of The Mohegan Tribe. A similar motion was granted by the Gaming Disputes Court in the case of Janet E. Winslow v. Mohegan Tribe and William Velardo, GDTC-D-02-157 per Eagan, J.
II. DISCUSSION
That the Mohegan Tribe of Indians of Connecticut and the Mohegan Tribal Gaming Authority are sovereign tribal entities is well established. Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 2, 1 Am. Tribal Law 380, 1997 WL 34678574 (1997), Kizis v. Morse Diesel, International, 260 Conn. 46, 53-54, 794 A.2d 498 (2002). As such, they enjoy the “common-law immunity from suit traditionally enjoyed by sovereign powers”, Ager, Id., quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978), in the absence of “a clear waiver [of immunity] by the tribe or congressional abrogation”. Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). “[S]uch waiver may not be implied, but must be expressed unequivocally”, Long v. Mohegan Tribal Gaming Authority, 1.G.D.R. 5, 10, 1 Am. Tribal Law 385, 1997 WL 34678573 (1997) quoting McClendon v. United States, 885 F.2d 627, 629 (9th Cir.1989).
*354 As regards the present case, as the Defendant argues, it is apparent that neither congressional, abrogation nor a waiver of tribal sovereign immunity exists with respect to the federal statutes under which the
Plaintiff appears to be proceeding. As for congressional abrogation of sovereign immunity, it is clear that neither Title VII of the Civil Rights Aet of 1964[3] nor the Americans with Disabilities Act[4] apply to Indian tribes.
Turning to the issue of a waiver of sovereign immunity for such claims, MTO 2002-04 leaves no doubt that there is no such waiver:
(1) By adoption of this Ordinance, The Mohegan Tribe and The Mohegan Tribal Gaming Authority (“MTGA”) does not consent to the applicability of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or the Ameriean[s] [with] Disabilities Aet enacted by the Congress of the United States, or to any other federal law or regulation that does not expressly apply to Indian tribes and their members, or to any State law or regulation,
MTO 2002-04 § 102(C)(1).
The Defendant’s position, although well-taken with respect to the statutory headings affixed to the narrative portion of Plaintiffs complaint, would have this Court ignore the fact that the Plaintiff properly filed a Form GDC-12, the Court-supplied Discriminatory Employment Practices Complaint, which was not affected by the revisions to the narrative detail accompanying it. The Defendant has argued that the only complaint before this Court was brought under the above-described federal statutes. The Court cannot agree with this contention.
Plaintiffs Form GDC-12 dated October 3, 2003 alleges a hostile work environment and degrading treatment by male supervisors, and claims that gender was the basis of the alleged discriminatory employment practice. As to that portion of the revised narrative portion of the complaint described as “Gender Discrimination”, viewed most favorably to the Plaintiff, it alleges discriminatory treatment by male supervisors. The portion labeled “Harassment” deals with a reprimand for being rude to supervisors about whom Plaintiff had complained, as well as a dispute over a payroll discrepancy and a description of a situation in which a manual key card given her (to make keys for hotel guests) did not function. The third section of the narrative, labeled “Retaliation”, alleges demotion to a seniority status below that of another employee, Emérita Ramos, over whom the Plaintiff claims she should have had seniority. It is possible to read this section as alleging the demotion was in retaliation for her complaints about alleged “unequal treatment” she had received, and that she was terminated after complaints about this demotion.
While it is certainly possible to question the relation of the allegations contained in the second “count” (labeled “Harassment”) and the third “count” (“Retaliation”) to any conduct proscribed by MTO 2002-04, the first “count” (“Gender Discrimination”) could be read to allege conduct violative of MTO 2002-04 § 104(A). As to the *355 “Harassment” and “Retaliation” sections, there is not presently pending before the Court any challenge to their legal sufficiency, rather only a challenge to the statutory headings of all three sections.
Defendant’s Motion to Dismiss is therefore granted solely with respect to the assertion, under any portion of Plaintiffs complaint, of any claim under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act, on grounds that such claims are clearly barred by the sovereign immunity of the Mohegan Tribe.
As to the narrative portion of Plaintiffs complaint, the Court is aware that the present Motion to Dismiss is the result of the Plaintiffs gratuitous insertion of references to federal claims that have no applicability to this case and which were quite properly challenged by the Defendant. The remaining portion of Plaintiffs complaint includes at least two sections, the relationship of which to MTO 2002-04 can only be described as unclear.[5]
In view of the Defendant’s right to “a concise statement of the facts constituting the cause of action”, G.D.C.P. § 19, and considering the necessity, brought on by the Plaintiff, of the challenge in the instant Motion to Dismiss to irrelevant federal claims inserted as a result of the previous request to revise, the Court will not find any waiver under G.D.C.P. § 14(b) affecting the Defendant’s right to plead.

. This is generally known as Title VII of the Civil Rights Act of 1964.

. This is a portion of the Americans with Disabilities Act, 42 U.S.C/ §§ 12101 et seq.

. Section 701(b) excludes "an Indian Tribe” from the Act's definition of ‘employer’. Section 703(b) explicitly recognizes and exempts Indian preference in employment.

. "the term ‘employer’ does not include—(i) the United States, a corporation wholly owned by the government of the United States, or an Indian tribe ... 42 U.S.C § 1211 l(5)(B)(i).”

. Many of the allegations could be taken to refer to claims of poor management or unfair treatment, but not necessarily actions that violate the antidiscrimination provisions of MTO 2002-04 § 104.